**NORTH STAR ALASKA,**
Plaintiff–Appellant,

**North Star Borough, Intervenor–Appellee,**

v.

**UNITED STATES of America,**
Defendant–Appellee.

No. 92–35082.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted En
Banc Oct. 14, 1993.

Decided Nov. 23, 1993.

---

John Spencer Stewart and Christopher A. Rycewicz, Stafford, Frey, Cooper & Stewart, Portland, OR, for plaintiff-appellant.

Mary K. Doyle, U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Mark Andrews, Asst. Borough Atty., Fairbanks North Star Borough, AK, for intervenor-appellee.

Before: WALLACE, Chief Judge, FLETCHER, FARRIS, POOLE, BEEZER, HALL, WIGGINS, O'SCANNLAIN, FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges.

## PER CURIAM:

North Star Alaska Housing Corporation (North Star) brought this action in district court seeking reformation of an Outlease it had entered into with the United States Army. The district court determined that it had no jurisdiction and dismissed the complaint without prejudice. North Star timely appeals. We have taken this case en banc to resolve a conflict between *North Side Lumber Co. v. Block,* 753 F.2d 1482 (9th Cir.) (*North Side Lumber*), cert. denied, 474 U.S. 931, 106 S.Ct. 265, 88 L.Ed.2d 271 (1985), and *Lehner v. United States,* 685 F.2d 1187 (9th Cir.1982) (*Lehner*), cert. denied, 460 U.S. 1039, 103 S.Ct. 1431, 75 L.Ed.2d 790 (1983).

### I

In 1986, North Star and the Secretary of the Army entered into an Outlease under which North Star was permitted to lease a portion of the Fort Wainwright Military Reservation for a period of 32 years. The document stated that 10 U.S.C. § 2667 authorized the Secretary to enter into the Outlease for the "sole purpose of constructing, operating and leasing 400 units of residential housing." Among other things, the Outlease provided that North Star would be responsible for any taxes assessed against the leased property. North Star and the United States subsequently executed a second lease pursuant to 10 U.S.C. § 2828 by which North Star leased back to the United States the land and several units of residential housing.

When the Fairbanks North Star Borough (Borough) began taxing North Star's interest in the housing project, North Star filed suit in district court seeking reformation of the Outlease. North Star claimed that the contract mistakenly cited 10 U.S.C. § 2667, instead of 10 U.S.C. § 2828, as the statutory authority for the first lease. On appeal, North Star argues that the government "had not and could not" make the required find-

ings pursuant to section 2667 and that, absent reformation by the district court, the Outlease violates both section 2667 and article IV, section III, clause 2 of the United States Constitution. North Star concedes the purpose of the suit is to "escape ... the payment of taxes to the Borough."

Believing its ability to tax the property would be placed in jeopardy if the court granted reformation, the Borough sought and was granted leave to intervene. Subsequently, both the United States and the Borough moved to dismiss North Star's complaint for lack of subject matter jurisdiction. The district court granted the motion to dismiss on the ground that North Star's prayer for equitable relief was contractual in nature and, according to our decision in *North Side Lumber*, was barred under the doctrine of sovereign immunity.

## II

■ Subject matter jurisdiction determinations are subject to de novo review. *United States v. Triple A Machine Shop*, 857 F.2d 579, 583 (9th Cir.1988).

■ North Star may sue the United States only if Congress has waived sovereign immunity for the lawsuit, and may bring its claim in federal district court only if Congress has provided for jurisdiction there. *North Side Lumber*, 753 F.2d at 1484; *Transohio Sav. Bank v. Director, Office of Thrift Supervision*, 967 F.2d 598, 606 (D.C.Cir.1992) (*Transohio*).

North Star argues that the federal-question statute, 28 U.S.C. § 1331, and the Administrative Procedure Act, 5 U.S.C. § 702, provide both federal district court jurisdiction and a waiver of sovereign immunity. We confront the question whether Congress has waived immunity.

The government argues that the Tucker Act "expressly or impliedly" forbids the kind of relief North Star is seeking in the district court. The Tucker Act, which waives sovereign immunity and provides for claims court jurisdiction over certain claims, states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the Unit-

ed States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). Under the "Little Tucker Act," the district court has concurrent jurisdiction with the claims court for actions not exceeding $10,000. 28 U.S.C. § 1346(a)(2); *Price v. United States Gen. Serv. Admin.*, 894 F.2d 323, 324 (9th Cir. 1990) (*Price*).

■ Generally speaking, the Tucker Act does not permit the claims court to grant equitable or declaratory relief in a contract dispute case. *See United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969); *United States v. Jones*, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90 (1889); *Transohio*, 967 F.2d at 608; *cf.* 28 U.S.C. § 1491(a)(2), (3) (authorizing equitable relief in limited circumstances). Similarly, the Little Tucker Act does not specifically authorize the district court to grant declaratory or equitable relief against the United States in contract cases. *Price*, 894 F.2d at 324; *North Side Lumber*, 753 F.2d at 1485. However, the district court does have jurisdiction to hear claims for equitable relief which "rest[ ] at bottom on statutory rights." *North Side Lumber*, 753 F.2d at 1485 (construing *Laguna Hermosa Corp. v. Martin*, 643 F.2d 1376 (9th Cir. 1981), and *Rowe v. United States*, 633 F.2d 799 (9th Cir.1980), *cert. denied*, 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981)). To the extent that *North Side Lumber* conflicts with our earlier decision in *Lehner*, 685 F.2d at 1190, we reject *Lehner* and adopt the reasoning of *North Side Lumber*.

The Supreme Court's opinion in *Bowen v. Massachusetts*, 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988), upon which North Star relies, does not affect our analysis. *Bowen* involved section 704 and was not a contract case. Accordingly, the Court was not called upon to address section 702's "impliedly forbids" limitation on the waiver of sovereign immunity.

We remand to the panel to determine whether North Star's claim is contractually or statutorily based, and any other issues presented by this appeal.

REMANDED TO PANEL.