117 F.3d 1427
 80 A.F.T.R.2d 97-5059, 97-2 USTC P 50,557
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles WRAY, Plaintiff-Appellant,
v.
Keith O'DELL, Defendant-Appellee.
 No. 97-55000.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Central District of California Dickran M. Tevrizian, District Judge, Presiding
 Before GOODWIN, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Wray appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his action alleging that Keith O'Dell, a revenue agent employed by the Internal Revenue Service ["IRS"], and five unknown IRS employees violated his constitutional rights and committed the torts of fraud and coversion by collecting his unpaid federal tax liabilities. We affirm.
 
 
 3
 Because Wray's allegations relate solely to acts O'Dell and the unknown IRS employees committed within the scope of their official duties to assess and collect taxes, his suit is in reality against the United States. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). The United States, as sovereign, may not be sued without its consent, and the terms of consent define the district court's jurisdiction to hear the suit. United States v. Testan, 424 U.S. 392, 399 (1976).
 
 
 4
 Wray has not established the existence of a waiver of sovereign immunity. Contrary to Wray's contention, this action does not fall within the scope of the United States' waiver of sovereign immunity under the Little Tucker Act, 28 U.S.C. § 1491(a)(1). See North Star Alaska v. United States, 9 F.3d 1430, 1432 (9th Cir.1993) (en banc). His request for injunctive relief is barred by the Anti-Injunction Act because it has the purpose of restraining the government's tax assessment and collection activities. See 26 U.S.C. § 7421(a); Elias v. Connet, 908 F.2d 521, 523 (9th Cir.1990).
 
 
 5
 Accordingly, because the United States has not waived its sovereign immunity, the district court properly dismissed Wray's action.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3