**MALLARD AUTOMOTIVE GROUP, LTD., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–N–03–0029DWH(RAM).**

United States District Court, D. Nevada.

Sept. 21, 2004.

Alex Flangas, Patricia Halstead, Hale Lane Peek, Dennison & Howard, Reno, NV, for Plaintiff.

Daniel Bogden, U.S. Attorney's Office, Reno, NV, Jennifer Giaimo, U.S. DOJ - Tax Division, Washington, DC, for Defendant.

### ORDER

HAGEN, District Judge.

Before the court is plaintiff's motion to reconsider (# 20) this court's order (# 19) dismissing count I of plaintiff's complaint for lack of subject matter jurisdiction. Defendant has opposed (# 24), and plaintiff has replied (# 25). After review of the record and consideration of the relevant law, this court notes the following in making its disposition:

### I. Factual and Procedural Background

In its complaint (# 2), plaintiff asserts four claims for relief: (1) Wrongful Levy pursuant to 26 U.S.C. § 7426; (2) Refund pursuant to 26 U.S.C. § 7422; (3) Breach of Contract pursuant to 28 U.S.C. § 1491; and (4) Breach of the Covenant of Good Faith and Fair Dealing pursuant to 28 U.S.C. § 1491. Plaintiff has conceded that this court does not have jurisdiction with regard to the latter two claims, which fall under the jurisdiction of the Federal Court of Claims pursuant to 28 U.S.C. § 1631.

This dispute arose as a result of an IRS levy in September of 1998 upon an obligation by plaintiff to LeClair Management Corporation ("LeClair) as the nominee of David Smith ("Smith"), the taxpayer. Plaintiff disputed the IRS's determination that LeClair was a nominee of Smith and, therefore, challenged whether the IRS had any right to assert its levy against plaintiff. Plaintiff also disputes the amount of its obligation to LeClair.

Following the imposition of the levy, plaintiff entered into a settlement agreement with the IRS whereby it deposited an undisputed portion, of the obligation to LeClair, of $1 million into an interpleader action. Additionally, plaintiff tendered a $200,000 letter of credit in favor of the IRS. The IRS's right to draw upon the letter of credit is the focal dispute in this litigation.

LeClair and the IRS settled the interpleader action by stipulation. The Order Resolving Interpleader Action divided the one million interpleaded by the plaintiff between LeClair (which received $300,000) and the IRS (which received the balance of

over $700,000). Thereafter, the dispute arose concerning the right of the IRS to exercise the $200,000 letter of credit. After the IRS drew upon the entirety of the letter of credit on or about April 30, 2002, plaintiff filed a "Claim for Refund and Request for Abatement" with the IRS on July 15, 2002. The IRS took no action upon the claim and the plaintiff filed its complaint in this court on January 16, 2003.

On June 3, 2003, the United States filed Motion to Dismiss for Lack of Subject Matter Jurisdiction (# 11). The court granted the motion as to Count I of plaintiff's complaint after finding subject matter jurisdiction lacking due to plaintiff's failure to bring the claim within the applicable statute of limitations. (October 27, 2003 Order (# 19).) The motion was denied as to Count II of plaintiff's complaint. (*Id.*) Plaintiff has now filed a motion to reconsider (# 20) asking this court to set aside the dismissal.

## II. *Analysis*

### A. Standard on Motion for Reconsideration

 A motion to reconsider an interlocutory order must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D.Nev.2003) (quoting *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993)). Reconsideration may be appropriate if (1) the court is presented with newly discovered evidence; (2) has committed clear error; or (3) there has been an intervening change in controlling law. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). "There may also be other, highly unusual, circumstances warranting re-

consideration." *School Dist. No. 1J*, 5 F.3d at 1263.

### B. Application to Plaintiff's Motion (# 20)

In granting the government's motion, the court determined that even if the IRS's exercise of the letter of credit were presumed to support a wrongful levy claim, subject matter jurisdiction would still be lacking because plaintiff did not commence the action within the nine months required by the applicable statute of limitations—26 U.S.C. § 6532(c)(1). (October 27, 2003 Order (# 19) at 3–4.) Plaintiff has moved for reconsideration of that ruling arguing that (1) the application of the statute of limitations to the wrongful levy claim had not been properly addressed by the parties; (2) that by deciding the issue without allowing plaintiff the opportunity to address and adjudicate it first, the court denied it procedural due process and (3) that the issue cannot be addressed on a 12(b)(1) motion to dismiss because whether a statute of limitations has been equitably tolled is not a jurisdictional question. (*See generally* Pl.'s Mot. to Reconsider (# 20).)

 Federal courts are courts of limited jurisdiction. Accordingly, federal subject matter jurisdiction must exist at the time an action is commenced. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir.1988). Because subject matter jurisdiction goes to the power of the court to hear a case, it is a threshold issue and may be raised at any time and by any party. Fed.R.Civ.P. 12(b)(1). Additionally, the court may *sua sponte* raise the issue of lack of subject matter jurisdiction and *must* dismiss a case if no subject matter jurisdiction exists. Fed.R.Civ.P. 12(h). Thus, even if the question of subject matter jurisdiction is not fully adjudi-

cated or addressed by the parties, "it is axiomatic that this court has a special obligation to satisfy itself of its own jurisdiction . . ." *United States v. Touby,* 909 F.2d 759, 763 (3d Cir.1990)(internal citations and quotations omitted).

The sole issue on reconsideration, is whether the statute of limitations applicable to plaintiff's wrongful levy claim is jurisdictional in nature. Plaintiff, relying on *Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1207 (9th Cir.1995), argues that the statute of limitations contained in 26 U.S.C. § 6532(c)(1) is not jurisdictional, and this court erred in dismissing the claim. Additionally, plaintiff argues that the Ninth Circuit in *Supermail* held that the doctrine of equitable tolling applies to 26 U.S.C. § 6532(c)(1), thereby allowing the period for bringing a wrongful levy claim against the government under 26 U.S.C. § 7426 to be tolled. 68 F.3d at 1207.

Prior to 1990, the doctrine of equitable tolling had not been applied to suits against the government. In 1990, the Supreme Court decided *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), wherein it was held that once the United States government waives sovereign immunity, the doctrine of equitable tolling may apply to toll the statute of limitations. The Court sought to establish a general rule to apply equitable tolling to suits against the government. Specifically, the Supreme Court held that the "same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Id.* at 95–96, 111 S.Ct. 453. In *Irwin,* the Court applied the rebuttable presumption rule to Title VII of the Civil Rights Act of 1964 and found the doctrine of equitable tolling to be consistent with the congressional intent behind the Act,

and therefore the statute could be tolled. *Id.* at 96, 111 S.Ct. 453.

After *Irwin,* courts have not been consistent in the application of equitable tolling to suits against the government. One court has recognized that while it "intended to create uniformity in this area, *Irwin* has appeared to sow more confusion and disuniformity than existed earlier." *State v. Sharafeldin,* 382 Md. 129, 854 A.2d 1208, 1216 (2004). The Ninth Circuit's precedent bears this out and appears to be internally conflicted, especially as applied to the statute at question here 26 U.S.C. § 6532. In April 1995, the Ninth Circuit in *Maraziti v. Thorpe,* 52 F.3d 252, 255 (9th Cir.1995) affirmed the district court's dismissal of a wrongful levy suit because of a lack of subject matter jurisdiction. The district court found it lacked subject matter jurisdiction because Maraziti's claim was filed well beyond the nine-month limitations period set forth in 26 U.S.C. § 6532(c)(1). Additionally, the court found that Maraziti did not file an administrative request for return of property, pursuant to section 6532(c)(2), thus the limitations period was not extended.

Conversely, in August 1995, the Ninth Circuit decided *Capital Tracing, Inc. v. United States,* 63 F.3d 859 (9th Cir.1995). Therein, a district court had dismissed an untimely wrongful levy action based upon a lack of subject matter jurisdiction. The Court of Appeals reversed holding that the limitations period, 26 U.S.C. § 6532(c), for bringing a wrongful levy action under 26 U.S.C. § 7426 could be equitably tolled. *Id.* at 863.

In October 1995, another Ninth Circuit panel addressed the application of equitable tolling to wrongful levy suits. *Supermail,* 68 F.3d at 1204. Therein, the district court had dismissed a wrongful levy action for a lack of subject matter jurisdiction because the suit was untimely under

26 U.S.C. 6532(c)(1). The appellate court found that the district court had "erroneously believed the statute of limitations contained in 26 U.S.C. § 6532(c)(1) to be a jurisdictional prerequisite." *Id.* at 1206 n. 2. Rather, the appellate court held that "federal statutory time limitations on suits against the government are not jurisdictional in nature." *Id.* Thus, "[b]ecause the question whether Supermail's claim is barred by the statute of limitations is not a jurisdictional question, it should have been raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction." *Id.* The *Supermail* court went on to specifically hold that "equitable tolling may be applied to extend the period for bringing a wrongful levy claim against the government under 26 U.S.C. § 7426." *Id.*

In the time since *Supermail* was decided, the Supreme Court has narrowed the general rule espoused in *Irwin.* In *United States v. Brockamp,* 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997), the Supreme Court, noting that the rebuttable presumption created by the *Irwin* court arguably does not apply where the statute at issue does not create a cause of action against private defendants, *id.* at 349–350, 117 S.Ct. 849, applied the presumption but determined that Congress had not intended the doctrine of equitable tolling to apply to this particular statute—26 U.S.C. § 6511. In refining the rule of *Irwin,* the Supreme Court held that equitable tolling is not permitted when a statute "uses language that is not simple ... [and] sets forth its limitations in a highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing implicit exceptions." *Id.* at 350, 117 S.Ct. 849. In so holding, the Court pointed to (1) the unusually emphatic form of the time limitation; (2) the highly detailed technical manner in which the limitation is

set forth; and (3) that explicit exceptions to the limitation are included and that equitable tolling is not one of them. *See id.*

■ After *Brockamp,* it appears that as a general rule, if the statute of limitations on a claim against the government is subject to equitable tolling, the statute of limitations issue cannot be resolved on a 12(b)(1) motion. *See Irwin,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435; *Supermail Cargo,* 68 F.3d 1204; *Hughes v. United States,* 263 F.3d 272 (3d Cir.2001) (ruling that because the statute of limitations under the Federal Tort Claims Act is not jurisdictional, the district court, when considering matters outside of the pleadings, should have used the summary judgment standard instead of resolving the motion under Rule 12(b)(1)). Conversely, when equitable tolling of a statute of limitations is not permitted because of the nature of the statute, a court may decide the statute of limitations issue under Rule 12(b)(1). *See Brockamp,* 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818; *Becton Dickinson v. Wolckenhauer,* 215 F.3d 340 (3d Cir.2000); *Jordan Hosp., Inc. v. Shalala,* 276 F.3d 72 (1st Cir.2002) (ruling that the district court properly dismissed a claim under the Medicare Act pursuant to Rule 12(b)(1) where the Act did not permit equitable tolling).

■ The Ninth Circuit has not reconsidered 26 U.S.C. § 6532 in light of the *Brockamp* decision. However, while *Brockamp* may have changed the general principles of equitable tolling as defined by *Irwin,* this court cannot say that the *Brockamp* has eroded the validity of *Supermail* decision. Because this circuit has specifically held that the 26 U.S.C. § 6532 is subject to equitable tolling, the statute of limitations issue is not jurisdictional in nature and therefore this case was improp-

erly resolved on a 12(b)(1) motion. Plaintiff's Motion for Reconsideration is granted

## B. Subject Matter Jurisdiction Over Contract Claims

Having granted reconsideration, this court now addresses the merits of the United States' Motion to Dismiss under FRCP 12(b)(1). The United States argues that this court lacks subject matter jurisdiction because the plaintiff characterizes its claim as one for wrongful levy, when in fact it was a claim for breach of contract over which the United States Court of Federal Claims has exclusive jurisdiction. (Def.'s Mot. to Dismiss (# 12) at 4–6.). Plaintiff alleges that this court has subject matter jurisdiction because they have properly plead a wrongful levy claim under 26 U.S.C. § 7426 and the levied funds are the same funds that the "IRS ultimately collected under protest pursuant to the letter of credit." (Pl.'s Opp. to Mot. to Dismiss (# 14) at 7.)

■ On a motion to dismiss for lack of subject matter jurisdiction under FRCP 12(b)(1), the plaintiff must prove jurisdiction in order to survive the motion. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989). "When considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "A district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are not intertwined with the merits. In such circumstances, no presumption of truthfulness attaches to the plaintiff's allegations." *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir.1987) (citations omitted).

■ In *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 379–381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the Supreme Court held that district courts do not have inherent power, that is, automatic ancillary jurisdiction, to enforce an agreement settling federal litigation. Ancillary jurisdiction to enforce a settlement agreement exists only "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal— either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* at 375, 114 S.Ct. 1673. Ancillary jurisdiction to enforce the agreement exists in these situations because breach of the agreement violates the district court's judgment. *See id.* Absent action making the settlement agreement part of a dismissal order, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382, 114 S.Ct. 1673.

■ In the present instance, there is an independent basis for federal jurisdiction—but only in the United States Court of Federal Claims. The Tucker Act vests in the Court of Federal Claims exclusive subject matter jurisdiction over federal contract claims exceeding $10,000. 28 U.S.C. §§ 1346, 1491(a)(1). It authorizes the Court of Federal Claims to award money damages, but not declaratory or injunctive relief, in contract claims against the United States. *See North Star Alaska v. U.S.*, 9 F.3d 1430, 1432 (9th Cir.1993). The Tucker Act's restrictions on the relief that the Court of Federal Claims may award in government contract actions "impliedly forbids" federal district courts from granting the same relief. *Transohio Sav. Bank v. Director, Office of Thrift Supervi-*

*sion,* 967 F.2d 598, 609 (D.C.Cir.1992); *North Side Lumber v. Block,* 753 F.2d 1482, 1485 (9th Cir.), *cert. denied,* 474 U.S. 919, 106 S.Ct. 248, 88 L.Ed.2d 256 (1985).

A settlement agreement is a contract within the meaning of the Tucker Act. *Angle v. U.S.,* 709 F.2d 570, 573 (9th Cir.1983). It is undisputed that Plaintiff entered into a settlement agreement with the United States in an effort to extinguish the levy on the property and settle their part in the interpleader action. Plaintiff's offer of settlement to the United States regards the "obligation of Mallard, et al as it pertains to the Note, the Lease, the Security Agreement, the Tax Obligation and the Interpleader Action..." (Def.'s Mot. to Dismiss (# 12) at Ex. B.). Section 2 of the settlement agreement states that "Mallard will pay or cause to be paid the total sum of One Million and No/100ths Dollars ($1,000,000) into the Interpleader Action, said payment to be in full satisfaction of the Note, the Lease, and any and all obligations of Mallard under that certain Notice of Levy dated September 24, 1998, *SAVE AND EXCEPT* for its obligation under Section 3 thereof." (*Id.* (emphasis in original)). Section 3 of the settlement agreement conditions payment of the $200,000 to the IRS on a determination "in a final nonappealable decision in the Interpleader Action that LeClair Corp. is not the nominee of David Smith." (*Id.*) Section 4 of the settlement agreement requires Mallard to secure by an "irrevocable standby letter of credit" the $200,000 that is disputed today. (*Id.*)

Plaintiff may not avoid the exclusive jurisdiction of the Court of Federal Claims merely by alleging violations of "statutory provisions rather than breach of contract." *Ingersoll–Rand Co. v. United States,* 780 F.2d 74, 77 (D.C.Cir.1985). Whether a particular action is one that "at its essence" is a contract claim, and thus subject to the Tucker Act's restrictions on relief and forum, "depends both on the source of the rights upon which the plaintiff bases its claims, and upon the type of relief sought (or appropriate)." *North Star Alaska v. United States,* 14 F.3d 36, 37 (9th Cir.1994). The critical inquiry is whether the action "sound[s] genuinely in contract [or is] based on truly independent legal grounds." *Ingersoll–Rand,* 780 F.2d at 78.

Contract law controls the interpretation of a settlement agreement and divests this court of jurisdiction to hear the action. The settlement agreement was entered into between Plaintiff and the United States government in the amount of $1,000,000 with a conditional provision for an additional $200,000. *See* 28 U.S.C. §§ 1346, 1491(a)(1). Plaintiffs voluntarily entered into the settlement agreement and the contract was support by consideration which included the extinguishment of their obligation in the interpleader action and the "Notice of Levy." (Def.'s Mot. to Dismiss (# 12) at Ex. B.) The settlement agreement does not contain a provision for this court to retain jurisdiction over the settlement agreement and this court did not incorporate the terms of the settlement agreement in its order of dismissal. *See Kokkonen,* 511 U.S. at 382, 114 S.Ct. 1673.

No independent legal ground exists for this court to hear this contract dispute. *Ingersoll–Rand,* 780 F.2d at 78. Plaintiff assert that it has properly brought a wrongful levy action under 26 U.S.C. § 7426, thus this court has jurisdiction. However, the contention that the disputed damages of $200,000 under the settlement agreement were based upon an alleged "wrongful levy" does not create jurisdiction for this court. The settlement agreement extinguishes the plaintiff's obligation under the interpleader action and the "No-

tice of Levy" attached to the property. Plaintiff could have pursued its wrongful levy claim against the United States under 26 U.S.C. § 7426, but did not do so. Plaintiff is asking this court to determine whether the $200,000 deposited in the letter of credit is properly payable to the United States. This determination, however, is not based upon the whether the levy underlying the deposit of the funds was wrongful, rather it is a question of whether Section 3 of the settlement agreement was fulfilled. This is a question of interpretation, however, sounding "genuinely in contract," therefore this court lacks subject matter jurisdiction to answer the question. *Ingersoll–Rand,* 780 F.2d at 78.

### III. *Conclusion*

Accordingly, **IT IS ORDERED** that plaintiff's motion for Reconsideration (# 20) be **GRANTED. IT IS ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction (# 11) be **GRANTED.**