GRANT COUNTY BLACK SANDS IR-
RIGATION DISTRICT (GCBSID), a
Washington municipal corporation;
and Williamson Land Company, a
Washington Corporation, Plaintiffs,

v.

UNITED STATES of America; Bureau
of Reclamation; Dirk Kempthorne,
Secretary of the Interior of the United
States of America; William E. Rinne
in his individual capacity; William E.
Rinne, Acting Commissioner of the
Bureau of Reclamation; J. William
McDonald in his individual capacity;
J. William McDonald, in his capacity
as Regional Director of the Pacific
Northwest Region of the Bureau of
Reclamation, Defendants.

No. CV–06–204–RHW.

United States District Court,
E.D. Washington.

March 7, 2008.

Ronald Ady, Ronald K. Christensen, Christensen Law Group, LLP, Salt Lake City, UT, for Plaintiffs.

Rolf H. Tangvald, U.S. Attorney's Office, Spokane, WA, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

ROBERT H. WHALEY, Chief Judge.

Before the Court are Plaintiffs' Motion for Partial Summary Judgment Re: Payout and Pricing Entitlements (Ct. Rec. 24); Plaintiffs' Motion for Partial Summary Judgment: ASGW Irrigator O & M Overpayment Crediting Entitlements (Ct. Rec. 38); and the Federal Defendants' Motion to Dismiss and, alternatively, Motions for Judgment on the Pleadings (Ct. Rec. 76).

A hearing was held on the motions on October 18, 2007, in Spokane, Washington. Plaintiffs were represented by Ronald Ady and Ronald Christensen. Defendants were represented by Rolf Tangvald and Clark Miller.

The briefing on the pending motions is extensive and the issues presented to the Court are complex. At the heart of Plaintiffs argument is that the federal reclamation laws demand that they be treated equitably as compared to other federal reclamation participants. Specifically, Plaintiffs argue that federal law mandates that the Bureau of Reclamation must credit Plaintiffs' payment of construction charges to repayment of project costs; credit Plaintiffs' overpayment of operations and maintenance charges to repayment of project costs; refund any excess operations and maintenance payments made by Plaintiffs and grant certificates of final payment upon payout and certificates of partial release of land use lien restrictions; grant certificate of water rights upon payout of project construction costs; grant management of Plaintiffs' "Artificially Stored Ground Water" ("ASGW") § 9(e) contracts to Grant County Black Sands Irrigation District; and provide low cost power to Plaintiffs. Plaintiffs argue that partial summary judgment in favor of Plaintiffs is appropriate regarding payout and pricing entitlements and for operation and maintenance overpayment crediting entitlements.

The Federal Defendants argue the Court lacks jurisdiction over Plaintiffs' complaint for three reasons: (1) Plaintiffs' Second Amended Complaint seeks relief under the Administrative Procedure Act (APA) that the Tucker Act, 28 U.S.C. § 1491(a)(1) impliedly forbids (Sovereign Immunity Argument); (2) Plaintiffs' Complaint does not raise a cognizable claim under the APA because it fails to identify

any reviewable final agency action and/or fails to identify a final agency action that BOR had a non-discretionary duty to take, but failed to take; and (3) Plaintiffs' claims are not ripe.

## BACKGROUND

The background of the Columbia Basin Project, which is the backdrop for this instant action, is set forth in *Flint v. United States,* 906 F.2d 471 (9th Cir.1990). The Court incorporates the factual background as set forth in that opinion. Plaintiffs in this case are the Grant County Black Sands Irrigation District ("GCBSID"), a Washington municipal corporation, and Plaintiff Williamson Land Company, a landowner who holds section 9(e) contracts with the United States Bureau of Reclamation and pumps from wells for irrigation artificially stored ground water from beneath lands located in the Quincy Basin Ground Water Subarea, which is within the Grant County Black Sands Irrigation District.[1] The Quincy Basis Ground Water Subarea lies within the boundaries of the Columbia Basin Project. Plaintiffs bring this class action suit on behalf of themselves and similarly situated persons.

There are 292 landowners within the Quincy Subarea that hold license agreements to pump ground water for irrigation. In all, the license agreements account for approximately 56,000 acres of land within the Quincy Subarea. GCBSID members who comprise the purported class Plaintiffs seek to represent include 85 landowners, or 29% of the total landowners within the Quincy Subarea.

## DISCUSSION

Plaintiffs have filed two motions for partial summary judgment and the Federal Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b).

1. Section 9(e) contracts are contracts between the ASGW Irrigators and the Bureau of Rec-

### A. Standard of Review

 Federal Rule of Civil Procedure Rule 12(b)(1) provides for motions to dismiss for lack of subject matter jurisdiction. The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir.1988).

### B. Subject Matter Jurisdiction

Defendants argue that the Court does not have subject matter jurisdiction to hear Plaintiff's complaint.

### (1) Sovereign Immunity

 Defendants argue that the United States has not waived its sovereign immunity with respect to the claims being brought by Plaintiff. "It is well settled that the United States is a sovereign, and as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Such waiver cannot be implied, but must be unequivocally expressed. Where a suit has not been consented to by the United States, dismissal of the action is required ... [because] the existence of such consent is a prerequisite for jurisdiction." *Dunn & Black, P.S. v. United States,* 492 F.3d 1084, 1087 (9th Cir.2007)(*quoting Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985)). The scope of a waiver of sovereign immunity must be strictly construed in favor of the sovereign.

lamation pursuant to 43 U.S.C. § 485(e).

*Id.* Plaintiffs have the burden of establishing that its claims fall within an unequivocally expressed waiver of sovereign immunity by Congress. *Id.* at 1088. Plaintiffs' action must be dismissed if it cannot meet this burden. *Id.*

▋ Plaintiffs assert that they have pled two distinct claims under the Administrative Procedure Act: (1) a section 706(1) claim, which requires the Court to compel the Bureau to act where it has unlawfully withheld agency action; and (2) a section 706(2) claim that the Bureau violated reclamation law when it issued invoices to ASGW irrigators requiring them to pay construction, operation, and maintenance charges for their use of CBP ASGW water.

Section 702 of the APA provides the right for judicial review of agency actions. 5 U.S.C. § 702. Section 706 sets forth the scope of review. 5 U.S.C. § 706. According to the Ninth Circuit, section 702 of the APA waives sovereign immunity for Plaintiffs' claims if (1) the claims are not for money damages; (2) an adequate remedy for the claims is not available elsewhere; and (3) the claims do not seek relief expressly or impliedly forbidden by another statute. *Tucson Airport Authority v. General Dynamics Corp.*, 136 F.3d 641, 644 (9th Cir.1998).

Defendant argues that the relief sought by Plaintiffs is unavailable under the section 702 waiver of sovereign immunity because the Tucker Act impliedly forbids equitable relief for contract-based claims.

The Tucker Act states:

(a)(1) The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied

contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . .

28 U.S.C. § 1491(a)(1).

▋ Courts have held that neither the Tucker Act nor the Little Tucker Act [2] permit a district court to grant equitable or declaratory relief in a contract dispute case; however, a district court does have jurisdiction to hear claims for equitable relief based on statutory rights. *North Star Alaska v. United States,* 9 F.3d 1430, 1432 (9th Cir.1993). Whether claims are contractually based for purposes of the Tucker Act depends "on the source of the rights upon which plaintiff bases its claims, and the type of relief sought (or appropriate)." *North Star Alaska v. United States,* 14 F.3d 36, 37 (9th Cir.1994)(*citing Megapulse, Inc. v. Lewis,* 672 F.2d 959, 967–68 (D.C.Cir.1982)). Where claims asserted are based on a contract, seek a declaration of contract rights, or do not exist independent of a contract, they are barred by the Tucker Act. *Tucson Airport Auth.,* 136 F.3d at 646–47.

The Court finds that the basis for Plaintiffs' claims is statutory, based on the federal reclamation laws. Thus, the Tucker Act does not preclude a section 702 waiver of sovereign immunity. However, before the APA waiver of immunity applies, Plaintiffs must state a valid claim under the APA. *E.J. Friedman Co., Inc. v. United States,* 6 F.3d 1355, 1359 (9th Cir.1993).

### (2) Administrative Procedure Act

▋ Defendants argue that Plaintiffs' complaint does not raise a cognizable claim under the Administrative Procedure Act because it fails to identify a final agency action that the Bureau had a non-discretionary duty to take, but did not take and

---

**2.** The district court has concurrent jurisdiction with the claims court for actions not

exceeding $10,000. 28 U.S.C. § 1346(a)(2). ("Little Tucker Act").

fails to identify any reviewable final agency action.

■ Action that is legally required can be compelled under the APA. *Norton v. Southern Utah Wilderness Alliance,* 542 U.S. 55, 63, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004) ("Thus, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*" (emphasis in original)). On the other hand, if the Bureau is not legally required to take a particular action, the Court does not have jurisdiction to order the Bureau to take action. *Id.*

Plaintiffs argue that the reclamation law strictly limits the Bureau's discretion and have identified the following discrete ministerial acts that the Bureau has unlawfully withheld: (1) crediting Plaintiffs' payment of construction charges to repayment of project costs; (2) crediting Plaintiffs' overpayment of O & M to repayment of project costs; (3) refunding any excess O & M payments made by Plaintiffs; (4) granting certificates of final payment upon payout and certificates of partial release of land use lien restrictions; (5) granting certificates of water right upon payout of project construction costs; (6) granting management of the Plaintiffs' ASGW 9(e) contracts to Grant County Black Sands Irrigation District; and (7) providing low cost power to Plaintiffs ASGW irrigators. The benefits that Plaintiffs are seeking are found in sections 485h–1–5 of the 1956 Amendments to the federal reclamation laws. 43 U.S.C. § 485h–1–5. Plaintiffs argue that all contracts for ASGW executed pursuant to section 9(e) of the federal reclamation laws are "repayment contracts" subject to the requirements and benefits accorded repayment contracts under Federal Reclamation law, specifically those found in 43 U.S.C. § 485h–1–5.

The problem with this argument is that section 9(e) does not treat all contracts executed pursuant to this section as "repayment contracts." On the contrary, the section specifically refers to either "short- or long-term contracts." Pursuant to section 485h–3, a long-term contract is defined to mean any contract the term of which is more than ten years. Section 485h–1 permits the Secretary to convert long-term section (e) contracts to section (d) contracts. There is nothing in section 485h–1–5 that authorizes the Secretary to convert a short-term (e) contract to a section (d) contract. Likewise, there is nothing in this section that would authorize the Secretary to provide the benefits Plaintiffs are seeking to short-term contracts. Plaintiffs' interpretation of section 485h(e) is belied by the explicit provisions of section 485h–1–5.

Also, section 9(e) contains no language requiring that the rates set by the Secretary for furnishing water also cover the repayment of construction costs. § 485h(e).

In their motions for summary judgment, Plaintiffs read the following provisions of the reclamation law as strictly limiting the Bureau's discretion to enter into short-term contracts: 16 U.S.C. § 835; 43 U.S.C. §§ 372, 390, 390h, 390dd, 390ee, 390hh, 391, 415, 419, 423e, 431, 461, 469, 470, 485a, 485f(b) 485h(a)-(f), 491–42, 498, 543–45; 43 C.F.R. §§ 426, 426.1, 426.2, 426.5, 426.23. Plaintiffs argue that these sections of Reclamation law require the Bureau to fix an equitable and appropriate construction obligation for the ASGW irrigators to repay or payout through equitable and appropriate allocation of a share of United States construction costs to be reimbursed or repaid, to credit all construction payments made toward payout of that construction obligation, and to end all construction charges when so paid out. The Court has carefully reviewed these provisions, along with Plaintiff's arguments and concludes that collectively, these provisions

do not require the Bureau to do what Plaintiffs are asking this Court to order the Bureau to do.

Plaintiffs take issue with the fact that the contracts include a construction charge. Such a charge comports with section 485h(e), which permits the Secretary to set rates in the Secretary's judgment will produce revenues at least sufficient to cover an appropriate share of the annual operation and maintenance cost and an appropriate share of such fixed charges as the Secretary deems proper, due consideration being given to that part of the cost of construction of works connected with water supply and allocated to irrigation. The rate can include a portion of the cost of construction connected with the water supply and allocated to irrigation. On the other hand, nowhere in the statute does it state that if such a construction charge is assessed, the contract becomes a "repayment" contract or a contract that is covered by 485h-1. Inclusion of the construction charge in the § 9(e) contract does not violated federal reclamation law.

Plaintiff also argue that the reclamation laws demand that they be treated equally at the three districts. The Court disagrees. On the contrary, the reclamation laws provide that the water users be treated differently, depending on the type of contract that is entered into with the users and the Bureau. Moreover, as Defendants point out, there are unique differences between the water districts and the individual license-holders, including their histories, their systems, as well as their entitlements and obligations.

The Court finds that Congress expressly gave the Bureau discretion to enter into short-term contracts to furnish water for irrigation. Plaintiff's arguments to the contrary are without merit. As such, Plaintiffs' claim under § 706(1) fails as a matter of law.

The Court also finds that Plaintiffs have failed to identify any reviewable final agency action and therefore has not stated a cognizable claim under § 706(2). The issuing of invoices do not meet the statutory definition of "agency action." *See Oregon Natural Desert Ass'n v. United States Forest Service*, 465 F.3d 977 (9th Cir.2006). Nor is the filing of an answer to the complaint filed by Plaintiff GCBSID in the 2003 lawsuit a reviewable final agency action.

Because Plaintiffs have failed to establish a claim under the APA, they are not entitled to an APA waiver of sovereign immunity.

### (3) Plaintiff's Remaining Claims

Plaintiffs argue that regardless of whether the APA provides a waiver of sovereign immunity, their claims for quiet title, mandamus, and based on the 1950 Act either provide waivers of sovereign immunity that operate independent of the APA, or require no waiver of sovereign immunity by the United States. Notwithstanding these arguments, the Court finds that Plaintiffs have not shown that the Government has unequivocally waived its sovereign immunity and consented to be sued. *See United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003) ("Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver. The terms of consent to be sued may not be inferred, but must be 'unequivocally expressed,' in order to 'define a court's jurisdiction.' ") (citations omitted).

### (4) Conclusion

Plaintiffs have not met their burden of establishing that Congress has expressly

waived the United States' sovereign immunity and consented to be sued with respect to the claims asserted against it in Plaintiffs' Second Amended Complaint. As such, Plaintiffs' action is dismissed.

Accordingly, **IT IS HEREBY ORDERED:**

1. Federal Defendant's Motion to Dismiss, and, alternatively, Motion for Judgment on the Pleadings (Ct. Rec. 76) is **GRANTED.**

2. Plaintiffs' Motion for Partial Summary Judgment Re: Payout and Pricing Entitlements (Ct. Rec. 24) is **DENIED.**

3. Plaintiffs' Motion for Partial Summary Judgment: ASGW Irrigator O & M Overpayment Crediting Entitlements (Ct. Rec. 38) is **DENIED.**

4. Plaintiffs' Motion to Certify Class (Ct. Rec. 14) is **DENIED,** as moot.

5. All other pending motions are **DENIED,** as moot.

6. The above-caption claims asserted against the Federal Defendants are **dismissed,** with prejudice.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, provide copies to counsel, and close the file.