**SUPERMAIL CARGO, INC.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 94–55316.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 1995.

Decided Oct. 24, 1995.

Michael P. Maxwell, Los Angeles, California, for plaintiff-appellant.

Janet A. Bradley, Tax Div., Appellate Section, United States Department of Justice, Washington, DC, for defendant-appellee.

Before: BROWNING, NORRIS, and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

In this case, the Internal Revenue Service ("IRS") levied upon funds due to a company without notifying the company that it had done so. The debt that the IRS was attempting to collect was owed by the company's former lawyers, not the company, as the IRS knew. In fact, the company owed no money to the IRS at all. When the company finally discovered what had happened to its funds and tried to file a request, the IRS first ignored its efforts and, later, erroneously told the company that it had filed with the wrong office. After the company filed with the office the IRS told it to file with, the IRS said that the filing was too late. Now that the company has filed a lawsuit, the IRS argues that the time to sue expired because it ran not from the time the company filed with the office the IRS told it to file with, but from the time of the filing the IRS had said was invalid. Those, at least, are the allegations of the complaint, and thus the facts we are required to assume for purposes of the appeal before us. It should come as no surprise, therefore, that we reverse the district court's dismissal of the company's complaint.

## FACTS AND PROCEDURAL HISTORY

Supermail Cargo, Inc. ("Supermail") brought this action under 26 U.S.C. § 7426, alleging that the IRS wrongfully levied upon customs refunds owed to Supermail. The district court granted the government's motion to dismiss on the ground that the action was barred by the statute of limitations contained in 26 U.S.C. § 6532(c). For purposes of this appeal, and thus for purposes of this opinion, we assume that the allegations contained in the complaint are true and view those allegations in the light most favorable to the plaintiff. In other words, any references in this opinion to "facts" are to the facts alleged in the complaint as construed in the manner we are required to construe them, and any factual statements in this opinion are based on the assumption that the allegations in the complaint are true.

Supermail is a clothing importer and seller. Each time it imports a shipment, Supermail pays an estimated duty to the United States Customs Service ("Customs"). An importer who disagrees with the estimated duty may seek a refund by filing a "protest" with Customs, pursuant to 19 U.S.C. § 1514. If the protest is granted, Customs refunds the amount by which the estimated duty exceeded the actual duty. Supermail employed the law firm Mandel, Resti, Pollack and Borakove ("Mandel, Resti") to file protests with Customs on its behalf.

Sometime in 1988, the IRS determined that Mandel, Resti owed a substantial tax liability. In August 1988, the New York IRS office inquired as to whether there was any relationship between Supermail and Mandel, Resti. Supermail informed the IRS, both orally and in writing, that their sole relationship had been that of attorney and client and there was no current relationship between Supermail and the law firm. Nevertheless, in order to satisfy Mandel, Resti's tax obligation, the New York IRS office placed levies

on some of the refunds that Customs owed to Supermail. On October 25, 1989 and on December 14, 1989, the IRS issued notices of the levies to Customs. Both notices specifically stated: "This levy attaches to refunds due Supermail Cargo Inc."

Neither the IRS nor Customs informed Supermail (or for that matter Mandel, Resti) of the levies. Only the Customs Service received the IRS notices. Supermail, which had a number of protests pending, continued to inquire unsuccessfully of Customs about the status of its refunds. Over two years after the levies were made, Customs incorrectly informed Supermail that the refunds had been delayed inadvertently but would eventually be paid. Two weeks later, on February 24, 1992, Customs finally advised Supermail that the IRS had levied on its refunds and, therefore, that Supermail would not receive them after all.

On June 9, 1992, Supermail filed a request for the return of its property with the New York IRS office. The IRS initially ignored it. Later, when Supermail inquired as to the status of the request, the acting manager of the New York IRS office asked that additional information be submitted. Supermail promptly complied. However, on October 21, 1992, the acting manager of the New York office informed Supermail that it must file its request with the Fresno, California IRS office. Again, Supermail promptly complied with the IRS's instructions by filing a request for the return of its property with that office on October 29, 1992.

For the next several months, the IRS failed to issue a decision. On April 8, 1993, Supermail again wrote to the IRS, threatening to file a civil action unless the IRS responded to its request. The IRS told Super-

mail that it would act on its request if additional information were provided. Yet again, Supermail promptly complied, forwarding the requested information to the Los Angeles, California IRS office. Finally, on July 26, 1993, the Los Angeles, California IRS office denied Supermail's request for the return of its property on the ground that the request had not been timely filed.[1]

On October 8, 1993, Supermail filed this action in federal district court under 26 U.S.C. § 7426, alleging that the IRS had wrongfully levied upon its property. The district court granted the government's motion to dismiss, concluding that Supermail had not filed suit within the limitations period set forth in 26 U.S.C. § 6532(c).

## DISCUSSION

The sole question on appeal is whether the district court was correct in holding that this action is time-barred. Viewing the complaint's allegations in the manner that we are required to view them, we conclude that Supermail could prove a set of facts that would establish that equitable tolling applies and that the action was timely. We therefore hold that dismissal was improper.[2]

■ Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it "is not generally amenable to resolution on a Rule 12(b)(6) motion." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir.1993). A motion to dismiss based on the running of the statute of limitations period may be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677,

---

1. Although the letter from the IRS purports to deny the "claim, dated April 8, 1993," it does not appear that any claim was filed on that date.

2. The district court erroneously believed the statute of limitations contained in 26 U.S.C. § 6532(c)(1) to be a jurisdictional prerequisite and, accordingly, dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. In doing so, the district court overlooked the Supreme Court's decision in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990) and this court's deci-

sions interpreting *Irwin*. As we stated in *Washington v. Garrett*, 10 F.3d 1421, 1437 (9th Cir. 1993), the *Irwin* Court "held that federal statutory time limitations on suits against the government are not jurisdictional in nature." Because the question whether Supermail's claim is barred by the statute of limitations is *not* a jurisdictional question, it should have been raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. We therefore treat the dismissal as one under Rule 12(b)(6).

682 (9th Cir.1980). In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim. *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For this reason, we have reversed dismissals where the applicability of the equitable tolling doctrine depended upon factual questions not clearly resolved in the pleadings. *See Cervantes,* 5 F.3d at 1277; *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1199 (9th Cir. 1988); *Donoghue v. Orange County,* 848 F.2d 926, 931 (9th Cir.1987). Similarly, we must reverse if the factual and legal issues are not sufficiently clear to permit us to determine with certainty whether the doctrine could be successfully invoked.

■ Here, notwithstanding the government's vigorous arguments, we conclude that Supermail may be able to prove a set of facts under which this action would be timely. The government raises two timeliness objections, both of which Supermail must overcome in order to prevail in its action. First, the government argues that Supermail was required to file its request with the IRS within nine months of the dates that levy notices were received by Customs, and that it failed to do so.[3] In light of the doctrine of equitable tolling, we cannot say that Supermail will be unable to overcome the government's first objection.

Until recently, the law of this circuit was that equitable tolling could *not* be applied to extend the period in which to file an action against the government. *See Capital Tracing, Inc. v. United States,* 63 F.3d 859, 861 n. 4 (9th Cir.1995) (citing cases). However, in *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Irwin,* at 96, 111 S.Ct. at 457; *see also Fadem v. United States,* 52 F.3d 202, 205 (9th Cir.1995) (the Court in

*Irwin* "intended to create a general rule that equitable tolling was a defense to all federal statutes of limitations, unless Congress provided otherwise."). Our recent decision in *Capital Tracing* specifically holds that equitable tolling may be applied to extend the period for bringing a wrongful levy claim against the government under 26 U.S.C. § 7426. 63 F.3d at 860.

■ Reading the allegations in the complaint with the required liberality, we cannot say that Supermail will be unable to establish that the nine-month limitations period was tolled up to the date that it learned of the IRS's levy on its property. Among the circumstances to which courts may look in determining the applicability of equitable tolling is "whether the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin,* 498 U.S. at 96, 111 S.Ct. at 458; *see also Capital Tracing,* 63 F.3d at 861. In one of our leading cases, we attempted to distinguish equitable tolling from equitable estoppel; we said that the former "focuses on the plaintiff's excusable ignorance of the limitations period" and the "lack of prejudice to the defendant," while the latter "usually focuses on the actions of the defendant." *Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir.1981) (citations omitted); *see also Stevens v. Secretary of the Department of Health and Human Services,* 31 Fed.Cl. 12, 23 (1994) ("The doctrine of equitable tolling allows a plaintiff to avoid a statute of limitations if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of the claim."). While there is clearly some overlap between the two concepts, we need consider only equitable tolling here.

In this case, Supermail alleges that it did not discover that the IRS had levied on its customs refund until approximately February 24, 1992. It asserts that its failure to discover the levies earlier was not due to its lack of diligence, but rather to the government's deliberate failure to provide it with accurate information—that the IRS knew that the refunds belonged to Supermail, but nevertheless levied upon those sums, and

---

**3.** A party seeking to challenge a wrongful levy must, within nine months from the date of the levy, either file an action in district court or a request with the IRS that it return the property

upon which it levied. 26 U.S.C. § 6532(c). Here, because Supermail chose the second course, we consider the timeliness of its filing with the IRS.

willfully withheld information regarding its action from both the company and the delinquent taxpayer. According to Supermail, as late as February 10, 1992, Customs falsely informed Supermail that its refunds *would* be paid. Under these circumstances, Supermail might well be able to prove that its ignorance of the event triggering the limitations period was excusable. Whether the government would be prejudiced by a tolling of the limitations period is a question we have no way of answering at this stage of the proceedings. Thus, it is possible that a set of facts could be proven that would serve to toll the limitations period from the dates of the levy notices until the date that Customs informed Supermail of the levies. If so, the filing with the IRS would have been timely.[4]

■ The government's second timeliness objection relates to the filing of the action in the district court. Parties seeking to challenge a wrongful levy must file a civil action within 12 months of the time they file a proper request for the return of property with the IRS. 26 U.S.C. § 6532(c).[5] The request must be filed with the IRS office that imposed the levy. 26 C.F.R. § 301.6343–1(c)(1);[6] *see also WWSM Investors v. United States*, 64 F.3d 456, 458 (9th Cir.1995).

Again, we examine principles of equitable tolling. Supermail alleges, and we therefore assume that, on June 9, 1992, it filed a request with the IRS office that imposed the levy, the New York office. If the 12–month period ran from the date on which Supermail

filed its request with the New York office, then that period would have expired on June 9, 1993. However, once again, nothing is as simple as it might have been. According to the complaint, the IRS directed Supermail to file a new request with its Fresno, California office, and Supermail complied.

Once more, we cannot say that Supermail can prove no set of facts that would allow it to prevail. It appears from the complaint that the October 29, 1992 request filed with the Fresno office was the only request that the IRS treated as proper.[7] In such circumstances, the 12–month limitations period could well run from the date of that request. If so, then this action, filed on October 8, 1993, was timely filed. Alternatively, Supermail may be able to show that the 12–month limitations period was equitably tolled from the date of the request filed with the New York office until the date of the request filed with the Fresno office. *See Irwin*, 498 U.S. at 96, 111 S.Ct. at 458 (noting that equitable tolling has been allowed where complainant was induced by adversary to allow filing deadline to pass); *Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235, 79 S.Ct. 760, 763, 3 L.Ed.2d 770 (1959) (tolling limitations period where complainant was misled by adversary as to deadline for filing action). In light of the allegations contained in the complaint, we cannot say that Supermail will be unable to make such a showing.

Supermail also contends that the procedures the IRS followed in levying upon its property violated the Due Process Clause.

4. According to the complaint, Supermail filed a request for the return of its property with the IRS within nine months of the date it learned that the government had levied on its refunds. Therefore, if the limitations period was tolled until the date Supermail was so informed, it met the nine-month requirement. *See* 26 U.S.C. § 6532(c). The remaining question is whether this action was timely filed in the district court.

5. Parties may forego filing a request for the return of property with the IRS, and instead file a civil action within nine months of the levy. 26 U.S.C. § 6532(c)(1). Supermail did not follow this course, but chose instead to file a request for the return of property with the IRS within nine months, as permitted by 26 U.S.C. § 6532(c)(2). *See supra* note 3.

6. The relevant IRS regulations were amended effective December 30, 1994. Although there

were no substantive changes to the regulations that are of consequence here, some of the section numbers changed. For the sake of convenience, we refer to the revised version of the regulations.

7. We note that, while a request for the return of property must generally be filed with the office that imposed the levy, the request "will be considered adequate" unless the IRS notifies the claimant of any inadequacies within 30 days of the date of receipt of the request. 26 C.F.R. § 301.6343–2(c). There is no indication that the IRS informed Supermail that its October 29, 1992 request, filed with the Fresno office, was inadequate (except possibly for its later contention that the filing was untimely). However, it did notify Supermail that its New York filing was inadequate, or at least that it was necessary to file the claim in a *different* local office (albeit not until three months after the 30–day period had expired).

Because we conclude that Supermail may be able to show for the reasons discussed *supra* that this action was timely filed, we need not reach its constitutional claim. We note, however, that levying on the property of a third party in order to satisfy a delinquent taxpayer's obligation—without notifying either the delinquent taxpayer or the third party of the levy—raises serious constitutional questions. *See Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950) (when government takes property, it must provide notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). Supermail is free to renew its constitutional claim in the district court, once the facts underlying it are developed.

## CONCLUSION

The allegations of the complaint, when read with the required liberality, permit Supermail to offer facts that, if established, would show that this action was timely. For that reason, the order of dismissal is reversed.

REVERSED and REMANDED.