107 F.3d 1
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Luis A. ACOSTA-VEGA, Plaintiff, Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, et al.,
Defendants, Appellees.
 No. 96-1769.
 United States Court of Appeals, First Circuit.
 Dec. 20, 1996.
 
 Victoria A. Ferrer on brief for appellant.
 Guillermo Gil, United States Attorney, and Isabel Munoz Acosta, Assistant United States Attorney, on brief for appellees.
 D.Puerto Rico
 VACATED.
 Before CYR, STAHL and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Luis A. Acosta-Vega appeals from the district court's order granting defendants-appellees' motion to dismiss Acosta's employment discrimination claim against his federal employer, Jesse Brown as Secretary of the Department of Veterans Affairs ("the Department"). The district court dismissed the complaint on the ground that it was untimely filed. The correctness of that determination is the sole issue on appeal.[1]
 
 
 2
 To be timely, an employment discrimination complaint against the federal government under Title VII, 42 U.S.C. § 2000e-1 et seq., must be filed "[w]ithin 90 days of receipt of notice of final action taken by a department...." 42 U.S.C. § 2000e-16(c). Timely filing of the complaint, however, is not a jurisdictional prerequisite to suit. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96 (1990); Nunnally v. MacCausland, 996 F.2d 1, 2-3 (1st Cir.1993); 3 Lex K. Larson, Employment Discrimination § 64.07 (2d ed.1996).
 
 
 3
 Defendants moved for dismissal pursuant to both Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Although the court did not make explicit the basis for the dismissal, it is implicit from the opinion that the dismissal was premised upon Rule 12(b)(1). The court considered matters outside of the pleadings and resolved disputed factual matters, placing the burden on Acosta to "conclusively counteract" defendants' evidence of untimely filing. See 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed.1990) (explaining that district court may consider affidavits and other matters outside of the pleadings to resolve a jurisdictional challenge and that the burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction).
 
 
 4
 Because compliance with the filing requirements of § 2000e-16(c) is not a jurisdictional prerequisite, the dismissal of Acosta's complaint for untimely filing should have been premised upon Rule 12(b)(6) rather than Rule 12(b)(1). See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 n. 2 (9th Cir.1995); Espinoza v. Missouri Pacific R.R. Co., 754 F.2d 1247, 1248 n. 1 (5th Cir.1985); Gordon v. National Youth Work Alliance, 675 F.2d 356, 360 (D.C.Cir.1982). This court is " 'not bound by the label employed below' " and may treat the dismissal as one made pursuant to Rule 12(b)(6). Estate of Soler v. Rodriguez, 63 F.3d 45, 47 n. 1 (1st Cir.1995) (citation omitted).
 
 
 5
 For the foregoing reasons, we treat the district court's dismissal as one made pursuant to Rule 12(b)(6). The district court's express reliance upon materials outside of the pleadings, however, converted the motion to dismiss into a motion for summary judgment. See Fed.R.Civ.P. 12(c); see also Garita Hotel Ltd. v. Ponce Federal Bank, 958 F.2d 15, 19 (1st Cir.1992) ("the test [for conversion] is not whether supplementary materials were filed, but whether the court actually took cognizance of them ... in arriving at its decision"). Accordingly, we review the dismissal de novo to determine whether all "competent evidence and reasonable inferences," viewed in the light most favorable to Acosta, show that there is no genuine issue as to any material fact. Ortiz-Pinero v. Rivera-Arroyo, 84 F.3d 7, 11 (1st Cir.1996). As the movants on the motion to dismiss, defendants had the burden of proving that no material facts were in dispute.
 
 
 6
 The pleadings and supplemental materials before the court when it ruled on defendants' motion to dismiss, viewed in the light most favorable to Acosta, create a genuine issue regarding a material fact: the date that Acosta received notice of the Department's final action on his claim. Defendants conceded that the certified letter mailed to Acosta's attorney on November 24, 1993 was improperly addressed. Therefore, the common law presumption that a properly addressed and mailed letter is received in due course does not apply here. Nor does the signed return receipt remove all genuine issues of material fact regarding the date of receipt. One "Jose Vazquez" signed for the letter, but Vazquez had no connection to Acosta's attorney or her firm and was not authorized to receive mail for them, the firm's administrator stated in an "affirmation."
 
 
 7
 In granting defendants' motion to dismiss, the district court found that Acosta had failed to "conclusively counteract defendants' evidence." On a motion for summary judgment, however, the nonmovant does not have that burden. It is sufficient for the nonmovant to merely raise a genuine issue of material fact.
 
 
 8
 The dismissal of Acosta's Title VII claim against defendant Jesse Brown is vacated and the case is remanded for further proceedings. See Loc. R. 27.1.
 
 
 
 [1]
 Acosta appeals only from the dismissal of the Title VII claim against Secretary Brown