Isaac C. WYNN, Plaintiff—Appellant,

v.

CLARK COUNTY BOARD OF COMMISSIONERS, Defendant—Appellee,

and

Clark County Department of Human Resources; et al., Defendants.

No. 02–16583.

D.C. No. CV–01–01473–RLH/PAL.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.[*]

Decided Sept. 10, 2003.

J.E. Ring Smith, Esq., Dan M. Winder, Esq., The Law Office of J.E. Ring Smith, Las Vegas, NV, for Plaintiff–Appellant.

Evangelina Garcia Mendoza, Esq., Garcia–Mendoza & Snavely Chtd., Las Vegas, NV, for Defendant–Appellee.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM [**]

Isaac C. Wynn appeals the district court's judgment dismissing as untimely his action alleging, among other things, employment discrimination under Title VII of the Civil Rights Act of 1964. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We review de novo dismissals for failure to state a claim. *Ortez v. Washington County, State of Oregon,* 88 F.3d 804, 807 (9th Cir.1996). We affirm in part, vacate in part, and remand.

The district court properly concluded that Wynn's Title VII claim was untimely because he did not file his complaint within ninety days of the Equal Employment Opportunity Commission ("EEOC") giving notice to him of his right to sue his former employer. *See* 42 U.S.C. § 2000e–5(f)(1); *Scholar v. Pac. Bell,* 963 F.2d 264, 267 (9th Cir.1992). Contrary to Wynn's contention, he could not evade dismissal by purposefully omitting the date of the right-to-sue letter from his complaint or by failing to attach a copy of the letter to the complaint. *See Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir.1998) (holding that a plaintiff may not "surviv[e] a Rule 12(b)(6) motion by deliberately omitting references to documents upon which [its] claims are based[ ]"). Similarly, the district court's consideration of the right-to-sue letter did not convert the defendants' motion to dismiss into one for summary judgment. *See id.* at 706 & n. 4.

The district court, however, failed to adequately address Wynn's argument that his Title VII claim was saved by equitable tolling because EEOC employees misinformed him of the deadline for filing a federal action. *Cf. Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1206 (9th Cir.1995) ("Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion.'" (citation omitted)). Accordingly, we vacate and remand.

The parties shall bear their own costs on appeal.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

AFFIRMED in part, VACATED in part, and REMANDED.