**Gurcharan SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74267.

Agency No. A76–456–436.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2005.*

Decided Nov. 21, 2005.

Martin Resendez Guajardo, Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Richard M. Evans, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM**

Gurcharan Singh ("Petitioner") filed a timely petition with this court seeking review of the Board of Immigration Appeal's ("BIA") decision not to reopen his removal proceedings. The BIA did not reopen Pe-

titioner's removal proceedings because his motion to reopen was untimely.

A petition to reopen a removal proceeding must be filed within ninety days of the BIA's final administrative decision. 8 C.F.R. § 3.2 (2003).[1] There are four exceptions to this ninety-day rule, but none of them is relevant to Petitioner's case. The only other way the BIA can review an untimely motion to reopen, including Petitioner's, is by exercising its *sua sponte* power. 8 C.F.R. § 3.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.").[2]

"[T]he decision of the BIA whether to invoke its *sua sponte* authority is committed to its unfettered discretion. Therefore, the very nature of the claim renders it not subject to judicial review." *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002) (quoting *Luis v. INS*, 196 F.3d 36, 40 (1st Cir.1999)). We lack jurisdiction to review this claim.

To the extent that Petitioner argues that he is entitled to equitable tolling, we reject this claim. Equitable tolling applies "in situations where, 'despite all due diligence, [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence of the claim.'" *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir.2001) (en banc) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir.1995)). Furthermore, for equitable tolling to apply, the party arguing for tolling must prove that "his or her ignorance of the limitations period was caused by circumstances beyond the par-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Since Petitioner's filing, the relevant regulations have been moved to 8 C.F.R. § 1003.2 (2005).

2. This provision has also been moved to 8 C.F.R. § 1003.2.

ty's control." *Id.* at 1193. Here Petitioner's claim fails because there were sixty-five days from the decision in *He v. Ashcroft,* 328 F.3d 593 (9th Cir.2003), until the expiration of his original ninety-day filing period, which allowed him plenty of time to file. *See Scholar v. Pacific Bell,* 963 F.2d 264, 268 (9th Cir.1992). Moreover, there are no facts indicating Petitioner was unaware that his statute of limitations was running.

The petition for review is DISMISSED in part and DENIED in part.