**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUMP SAN DIEGO, LLC, | No. 14-56662 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:14-cv-01533-CAB-BLM |
| JANAY KRUGER, as an individual and KRUGER DEVELOPMENT COMPANY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted November 7, 2016
Pasadena, California

Before: BERZON, CHRISTEN, and NGUYEN, Circuit Judges.

Jump San Diego, LLC (Jump) appeals the district court's dismissal of its

claims against Janay Kruger and Kruger Development Company. Jump argues that

it should be granted leave to amend its complaint. Reviewing de novo, *Thinket Ink*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004), we reverse and remand.

"A claim may be dismissed as untimely pursuant to a [Federal Rules of Civil Procedure] 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (second alteration in original) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) (holding that a "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim"). The gravamen of plaintiff's complaint is an action for negligent performance of a professional services contract. Under California law, "[a] cause of action for professional negligence does not accrue until the plaintiff (1) sustains damage and (2) discovers, or should discover, the negligence." *Roger E. Smith, Inc. v. SHN Consulting Eng'rs & Geologists, Inc.*, 107 Cal. Rptr. 2d 424, 434 (Cal. Ct. App. 2001).

Jump had discovered all the elements of Kruger's alleged negligence, except damages, by the time Jump signed the conditional use permit (CUP) application on June 19, 2012. The district court decided that Jump also suffered damages as of

2

June 19, but in so deciding, the court relied on Jump's lease payments and expenses Jump incurred "before applying for the CUP."

The record does not conclusively establish when Jump first sustained damages. First, because the lease payments were part of the bargain Jump struck with the lessor, the lease payments cannot be claimed as damage proximately caused by Kruger's alleged professional negligence. *See Turpin v. Sortini*, 643 P.2d 954, 961 (Cal. 1982) ("[D]amages are generally intended … to restore an injured person as nearly as possible to the position he or she would have been in had the wrong not been done."). Second, we cannot determine from the complaint when Jump intended to open its facility and so cannot determine when Jump began to accrue damages in the form of lost profits. Third, although Jump's complaint asserted that Jump also incurred professional fees in conjunction with the CUP, it does not establish whether those expenses were incurred before the CUP application was filed or after the City responded to the application. Finally, of the judicially noticed payments to the City of San Diego, only the June 20, 2012 payment is conclusively associated with the CUP application. But it is not certain that the June 20, 2012 payment put Jump on notice that its total start-up costs would exceed the total Jump anticipated. As a result, we cannot conclude at this

3

motion to dismiss stage that the two-year statute of limitations had run before Jump filed its complaint on June 25, 2014.

The other reasons for dismissal cited by the district court were also insufficient to dismiss Jump's complaint without leave to amend. On remand, Jump should be allowed an opportunity to file an amended complaint, because it is not certain that Jump "can prove no set of facts that would establish the timeliness of the claim[s]." *See Supermail Cargo, Inc.*, 68 F.3d at 1207.

Costs on appeal are awarded to the appellant.

**REVERSED and REMANDED.**