**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMAL DAMON HENDRIX, | No. 16-16229 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01527-JAD-CWH |
| v. | |
| ROHAN, C/O; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted April 11, 2017**

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Jamal Damon Hendrix, a Nevada state prisoner, appeals pro se from the

district court's judgment on the pleadings in his 42 U.S.C. § 1983 action alleging

various constitutional violations, including excessive force and inadequate medical

care during his pretrial detention. We have jurisdiction under 28 U.S.C. § 1291.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). We vacate and remand.

The district court dismissed Hendrix's § 1983 claims as time-barred because, even allowing for tolling while Hendrix was allegedly incompetent, Hendrix's claims were barred by the statute of limitations. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (§ 1983 actions are governed by the forum state's statute of limitations for personal injury claims; two-year statute of limitations under Nevada law). However, Hendrix alleged in his amended complaint that he had exhausted available administrative grievance procedures at the Clark County Detention Center. Liberally construed, these allegations show that Hendrix may be entitled to further tolling on the ground that he was completing the mandatory exhaustion process. *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting dismissal as time-barred at the pleading stage is inappropriate where complaint alleges facts indicating potential tolling may apply); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be dismissed [for untimeliness] unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.").

2

We vacate and remand for further proceedings.

Appellees shall bear the costs on appeal.

**VACATED and REMANDED.**