NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHAWN KELLY,

Plaintiff-Appellant,

v.

JON MENNEN, Sgt.,

Defendant-Appellee.

No. 22-15697

D.C. No. 2:21-cv-01880-JJT-ESW

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted February 14, 2023**

Before: FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Arizona state prisoner Shawn Kelly appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Byrd v. Maricopa

County Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017) (dismissal of an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

action under 28 U.S.C. § 1915A(b)(1)); *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012) (dismissal of an action as time-barred). We vacate and remand.

The district court concluded that Kelly's action was time-barred because Kelly did not file it within the applicable statute of limitations. However, Kelly alleged in his second amended complaint that he was unable to file timely because he was prevented from accessing necessary legal files, despite his diligence in pursuing them. The district court failed to consider whether Kelly sufficiently alleged a basis for equitable tolling or whether he could amend to do so. *See Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018) ("Federal courts in § 1983 actions apply the state statute of limitations from personal-injury claims and borrow the state's tolling rules."); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (explaining that complaints may be dismissed as time-barred only if "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim" and the factual and legal issues are clear enough to allow the court to "determine with certainty whether the [equitable tolling] doctrine could be successfully invoked"); *Nolde v. Frankie*, 964 P.2d 477, 480 (Ariz. 1998) (en banc) (explaining that Arizona recognizes equitable exceptions to statutes of limitations "when necessary to prevent injustice").

We therefore vacate and remand for the district court to consider, in the first instance, whether the allegations in Kelly's second amended complaint are

sufficient to invoke equitable tolling, and if not, whether Kelly should be granted further leave to amend.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**VACATED and REMANDED.**

22-15697