NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARL E. NELSON, | No.   23-15069 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01372-MCE-JDP |
| v. | |
| PHH MORTGAGE CORPORATION, successor by merger to Ocwen Loan Servicing, LLC, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted February 16, 2024
San Francisco, California

Before:  MILLER, BADE, and VANDYKE, Circuit Judges.

Plaintiff-Appellant Carl Nelson appeals from the district court's order

granting Defendant-Appellee Ocwen Loan Servicing's (Ocwen)[1] motion to dismiss

the amended complaint.  Nelson sued Ocwen on August 2, 2021, alleging various

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Named Appellee PHH Mortgage Corporation is the successor by merger to Ocwen.

claims sounding in fraud and negligence under California law as well as violations of the Real Estate Settlement Procedures Act (RESPA). The district court dismissed the amended complaint without leave to amend, finding that Nelson's claims were all barred by the two- and three-year statutes of limitations.

We review de novo a district court's dismissal based on statutes of limitations, *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011), and we have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings.

1. Nelson sued Ocwen for intentional and negligent misrepresentation. Under the California Code of Civil Procedure, a fraud claim must be filed within three years, and a negligence claim must be filed within two years. Cal. Civ. Proc. Code §§ 338(d), 339(1). The limitations periods for Nelson's misrepresentation claims began once he became aware of the facts constituting the alleged wrongdoing and suffered "resulting damage." *Aton Ctr., Inc. v. United Healthcare Ins.*, 311 Cal. Rptr. 3d 564, 592 (Ct. App. 2023); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1396 (9th Cir. 1986).

Nelson admits that he knew the facts constituting the alleged misrepresentation in 2016 when Ocwen's counsel emailed him stating that his loan was still active and had not been discharged due to a regulatory settlement. And Nelson's damages had been accumulating since 2013, when Nelson relied on

2

Ocwen's representation that his loan had been paid off and stopped making payments on the loan.  *See Daniels v. Select Portfolio Servicing, Inc.*, 201 Cal. Rptr. 3d 390, 408 (Ct. App. 2016); *Bushell v. JPMorgan Chase Bank, N.A.*, 163 Cal. Rptr. 3d 539, 549, 551 (Ct. App. 2013).  Nelson's claim therefore accrued in 2016 when Ocwen notified him that his loan had not been paid off.  *See generally Davies v. Krasna*, 535 P.2d 1161, 1169 (Cal. 1975) ("[T]he infliction of appreciable and actual harm, however uncertain in amount, will commence the statutory period.").  The misrepresentation claims are therefore untimely.

2.  Assuming, without deciding, that there is a private right of action for violations of RESPA's implementing regulation, Nelson's claims are untimely. Claims under RESPA must be brought within three years "from the date of the occurrence of the violation."  12 U.S.C. § 2614.  That period may be tolled under appropriate circumstances.  *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1039–40 (9th Cir. 2014).  Nelson alleges that six of seven RESPA violations occurred between September 1, 2013, and March 31, 2017.  Those claims are timely only if the limitations period was equitably tolled.  Yet Nelson affirmatively stated that equitable tolling does not apply to his RESPA claims.  Therefore, Nelson filed those claims well beyond the limitations period.

As for the remaining RESPA violation, Nelson has failed to show how 12 C.F.R. § 1024.35(e) can be violated on a "continuing basis," as alleged in the

3

amended complaint. Indeed, the requirements under that section include short, specified "[t]ime limits." § 1024.35(e)(3). Thus, the three-year limitations period expired well before Nelson filed the complaint. And again, absent equitable tolling, this claim is also untimely.

3. Nelson's fraudulent omission claim is subject to a three-year limitations period. Cal. Civ. Proc. Code § 338(d). "By statute, the discovery rule applies to fraud actions." *E-Fab, Inc. v. Accts., Inc. Servs.*, 64 Cal. Rptr. 3d 9, 15 (Ct. App. 2007) (citing § 338(d)). "The discovery rule protects the plaintiff, whose cause of action is preserved when, despite diligent investigation, he is blamelessly ignorant of the cause of his injuries." *Id.* at 16 (quotation marks omitted). Thus, the limitations period does not accrue until the aggrieved party has actual or constructive notice of the facts constituting the injury. *Id.*

Nelson asserts nine instances of fraudulent omission against Ocwen. He alleges that he did not discover any instances of fraudulent omission until early August 2019, when he received the loan file from Rushmore. In turn, Nelson alleges that he did not discover that Ocwen was the source of the allegedly fraudulent omissions until September 2019, when Nationstar produced the loan file it had received from Ocwen. It is therefore uncertain when Nelson had notice of all the alleged instances of fraudulent omission and whether he could have had constructive notice of the omissions based solely on earlier, actual notice from

4

three servicers that his loan had not been paid off.  *See id.*

Additionally, Nelson alleges that he "commenced a reasonable inquiry" into the status of his loan by "submitting a complaint to the CFPB [Consumer Financial Protection Bureau]," which he argues "was in a far superior position than he was to conduct an investigation regarding the status of his loan and any wrongdoing pertaining to his loan because it has resources and investigatory powers which greatly exceed those of [Nelson] as a private citizen."  Yet the CFPB did not advise Nelson of any of the alleged acts of fraudulent omission.  These facts, taken as true, could plausibly show that Nelson conducted a "diligent investigation" and was "blamelessly ignorant of the cause of his injuries."  *Id.*  Therefore, we reverse the district court's dismissal of the fraudulent omission claim and remand for further proceedings.

4.     For the negligence claim, Nelson alleges that, "[o]n an ongoing basis between September of 2013 and March 31, 2017, Ocwen breached its duties to [Nelson]."  Nelson asserts he "did not discover the true facts regarding Ocwen's breaches of duty . . . until early August of 2019, when he received his loan file from Rushmore."  Nothing in the record confirms which day in August 2019 Nelson received his loan file, nor did Ocwen specify when Nelson received the loan file.  It is therefore unclear when the two-year limitations period began to run.  *See* Cal. Civ. Proc. Code § 339(1).  And at the motion-to-dismiss stage, it is

5

unclear whether Nelson could have discovered the information included in the loan file before he obtained the file itself. Because "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim," *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995), we reverse the district court's dismissal of the negligence claim and remand for further proceedings.

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.**[2]

---

[2] Ocwen's alternative argument that Nelson's claims are barred by either res judicata or collateral estoppel fails. *See Kim v. Reins Int'l Cal., Inc.*, 459 P.3d 1123, 1134 (Cal. 2020) (When "a settlement agreement expressly excludes certain claims, the resulting dismissal does not preclude further litigation on the excluded claim."); *Tukes v. Richard*, 296 Cal. Rptr. 3d 707, 725 (Ct. App. 2022) (explaining that a pretrial settlement resulting in a bare dismissal with prejudice is a final judgment on the merits that can support claim preclusion but "it is not enough to support issue preclusion").