NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE ESTATE OF WUXI CHENHWAT ALMATECH CO., a Chinese entity, | No.   23-55272 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-00906-JGB-SP |
| v. | |
| PRESTIGE AUTOTECH CORPORATION, a Nevada corporation, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| DJOKO SUTRISNO, AKA Jiandong Wu, an individual; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted September 6, 2024**

Before:  WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

The Estate of Wuxi Chenhwat Almatech Co. (Wuxi) appeals from the district court's order denying its motion for default judgment and dismissing its complaint with prejudice as barred by the applicable statute of limitations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *See Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We reverse and remand for further proceedings.

Ordinarily, a district court should not dismiss a complaint with prejudice unless it appears "beyond doubt" that a party can prove no set of facts that would establish timeliness of a claim. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (remanding with instructions to allow amendment where the face of complaint did not have facts to establish timeliness), (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1207 (9th Cir. 1995)). In this case, Wuxi alleges that its claims are timely because they are compulsory counterclaims which were tolled during the pendency of state court proceedings initiated by appellee Prestige Autotech Corporation.

We accordingly reverse and remand to the district court for further proceedings, including allowing Wuxi "the opportunity to present argument on the state of limitations question before the district court." *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993) (explaining that district court may sua sponte dismiss a claim as time-barred where a defendant has not waived the

2

defense and also holding that plaintiff "had the opportunity to present argument on the statute of limitations question before the district court and on appeal"). We express no opinion about whether Wuxi's claims are, in fact, time-barred.

**REVERSED and REMANDED**.