NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NEXT LEVEL VENTURES, LLC, a
Washington limited liability company,

Petitioner-Appellee,

v.

AVID HOLDINGS, LTD., FKA Alderego
Group, Ltd., a Hong Kong S.A.R. limited
liability company,

Respondent-Appellant.

No.    23-35404

D.C. No. 2:22-cv-01083-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted October 8, 2024[**]
San Francisco, California

Before:  McKEOWN, KOH, and JOHNSTONE, Circuit Judges.

Avid Holdings, Ltd. ("Avid") appeals the district court's denial of its motion

to vacate an arbitration award in favor of Next Level Ventures, LLC ("Next Level"),

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

and confirmation of that award. The district court found that Avid's motion to vacate was untimely because it was filed more than three months after the arbitration award was delivered and that equitable tolling did not apply because Avid did not diligently pursue its rights.

We review "the confirmation or vacation of an arbitration award like any other district court decision . . . accepting findings of fact that are not clearly erroneous but deciding questions of law de novo." *Coutee v. Barington Cap. Grp., L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (omission in original) (quoting *Barnes v. Logan*, 122 F.3d 820, 821 (9th Cir. 1997)). We review a district court's decision whether to apply equitable tolling for abuse of discretion. *See Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004).

1. The district court had jurisdiction to confirm the arbitration award. Avid argues that enforcing the parties' agreement would violate the federal Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq*. But regardless of its merits, Avid's illegality defense has no bearing on subject-matter jurisdiction. *See Shulman v. Kaplan*, 58 F.4th 404, 409 (9th Cir. 2023) ("[T]he fact that Appellants seek damages for economic harms related to cannabis is not relevant to whether a court could, theoretically, fashion a remedy to redress their injuries. Therefore, the alleged harm in this case is redressable by the federal court.").

2. The district court did not clearly err in finding that Avid's motion to vacate was untimely. Under the Federal Arbitration Act ("FAA"), a motion to vacate "must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. The parties do not dispute that the final arbitration award was entered on April 22, 2022, and that Avid did not file its motion to vacate until more than seven months later, on December 7, 2022. Even accepting Avid's argument that § 21 of the Distribution Agreement's delivery terms apply, the motion to vacate is untimely. The arbitration award was mailed to the address specified in the Distribution Agreement on April 22, 2022. Avid's speculation that it did not receive the arbitration award is unsupported by the record, and the district court's finding that the arbitration award was delivered is not clearly erroneous.

3. The district court did not abuse its discretion in determining that Avid is not entitled to equitable tolling. A party seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)); *see also Move, Inc. v. Citigroup Glob. Markets, Inc.*, 840 F.3d 1152, 1156— 58 (9th Cir. 2016) (holding that the equitable tolling doctrine applies to the FAA). We "will apply equitable tolling in situations where, 'despite all due diligence, [the party invoking equitable tolling] is unable to obtain vital information bearing on the

3

existence of the claim.'" *See Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (alteration in original) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995)), *overruled on other grounds by Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (en banc).

Avid seeks equitable tolling of the deadline to file its motion to vacate from July (three months after the arbitration award was delivered) to December (when Avid filed its motion to vacate). It is undisputed that Avid received actual notice of the arbitration award on August 9, 2022, and that from that point forward Avid still waited more than three months to file its motion to vacate. The district court did not clearly err in finding that Avid had actual notice of the arbitration proceedings. Nor did the district court clearly err in finding that Avid voluntarily chose not to participate. Because Avid had actual notice of the arbitration award on August 9, and through participation in the arbitration proceedings could have discovered the information vital to their claim, no "extraordinary circumstance" prevented Avid from filing a motion to vacate, at a minimum, three months after receiving actual notice of the arbitration award. *Pace*, 544 U.S. at 418 (citing *Irwin*, 498 U.S. at 96). Thus, the district court did not abuse its discretion in determining that Avid is not entitled to equitable tolling.

**AFFIRMED.**

4