**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES SAUNDERS GRILL, | No. 21-17098 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00641-TLN-JDP |
| v. | |
| UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF AGRICULTURE, Forest Service, Tahoe National Forest, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted November 22, 2024
San Jose, California

Before: BERZON and FRIEDLAND, Circuit Judges, and KENNELLY,** District Judge.

James Grill appeals the district court's dismissal of his complaint under the

Quiet Title Act ("QTA") without leave to amend. The district court dismissed

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

1

Grill's complaint under Federal Rule of Civil Procedure 12(b)(1) as untimely based on the QTA's twelve-year statute of limitations.  *See* 28 U.S.C. § 2409a(g).

1. While this appeal was pending, the Supreme Court held that the QTA's statute of limitations is a non-jurisdictional "claims-processing rule."  *Wilkins v. United States*, 598 U.S. 152, 165 (2023).  Given this change in law, we review the district court's decision as if the district court had dismissed Grill's complaint under Federal Rule of Civil Procedure 12(b)(6).  *See Al-Qarqani v. Chevron Corp.*, 8 F.4th 1018, 1026–27 (9th Cir. 2021).  We therefore review the pleadings de novo, *see Jones v. Ford Motor Co.*, 85 F.4th 570, 573 (9th Cir. 2023) (per curiam), and assess whether "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim," *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

Grill filed his complaint on March 25, 2020.  Because Grill raises a claim to an easement, his claim is barred by the QTA's statute of limitations if he "knew or should have known the government claimed the exclusive right to deny [his] historic access" twelve years prior to the filing of his complaint (i.e., before March 25, 2008).  *Michel v. United States*, 65 F.3d 130, 132 (9th Cir. 1995); *see* 28 U.S.C. § 2409a(g).

Before March 25, 2008, the Forest Service's special use permit and letters to Grill regarding his access to his property and the status of his permit were

"consistent with the Forest Service acting in a regulatory capacity (i.e., requiring a permit for further use), instead of in the capacity of a landowner claiming exclusive rights."[1] *Skranak v. Castenada*, 425 F.3d 1213, 1217 (9th Cir. 2005). Such government regulation of an easement across National Forest System land is not an assertion of an exclusive right to deny access and so is insufficient to start the QTA's limitations period. *See McFarland v. Norton*, 425 F.3d 724, 727 (9th Cir. 2005). Furthermore, from 1995 through April 2008, the Forest Service repeatedly affirmed Grill's right of access to his property under the Alaska National Interest Lands Conservation Act ("ANILCA"). It was only after April 2008, and thus within twelve years of Grill's filing of his complaint, that the Forest Service "claimed the exclusive right to deny," *Michel*, 65 F.3d at 132, Grill access to his land when it allegedly informed Grill that there was "no guarantee that the easement would be approved upon completion of the new [special use permit] application" and that Grill's "easement access could be unilaterally approved or disapproved" by the Forest Service. Grill's QTA claim is therefore not time-barred.

2. Grill has adequately pleaded a claim to an easement under ANILCA. An

---

[1] These letters are properly considered at the motion to dismiss stage as they were either attached to Grill's complaint or filed in previous litigation and therefore subject to judicial notice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

easement pursuant to an ANILCA right of access is an interest in real property that can support a QTA action. *See Adams v. United States*, 3 F.3d 1254, 1258–59 (9th Cir. 1993). Grill's complaint alleges, and the government does not dispute, that his property is located within National Forest System land. *See* 16 U.S.C. § 3210(a). Although Grill's access to his property is subject to Forest Service regulation, his right of access under ANILCA exists independently of the permitting requirements, and he need not acquire a new permit before asserting that right under the QTA.[2] *See Adams v. United States*, 255 F.3d 787, 795 (9th Cir. 2001). So, to the extent that the government contends that Grill lacks a right of access under ANILCA, Grill may assert that right under the QTA.

Grill also asserts his claim to an easement under the QTA on two alternative bases: a common law easement by necessity and an easement under Revised Statute 2477. Because we hold that Grill has stated a claim to an easement under ANILCA, we need not address whether his other theories also support a QTA claim. *See* Fed. R. Civ. P. 8(d)(2).

**REVERSED AND REMANDED.**

---

[2] We are not faced with "the question of the extent of [Grill's] easement" in this appeal. *Adams*, 3 F.3d at 1259. On remand, the district court may consider whether "the permitting system proposed by the Forest Service [is] a reasonable regulation of [Grill's] access." *Adams*, 255 F.3d at 795.